■ MARIAN D. MAY, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. — Order of the Supreme Court, Queens County, dated October 2, 1980, affirmed, with $50 costs and disbursements. No opinion. Defendant's time to furnish the documents is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry. Mollen, P. J., Hopkins, Damiani and Titone, JJ., concur.

■ JUDITH MORGAN et al., Respondents, v HAROLD SUNNERS et al., Appellants. — In a negligence action to recover damages for personal injuries, etc., defendants appeal from so much of an order of the Supreme Court, Kings County, dated November 20, 1980, as denied the branches of their motion which sought (1) to strike the action from the calendar, (2) to compel plaintiff Judith Morgan to appear for a physical examination and (3) to direct plaintiffs to furnish defendants' attorneys with medical reports, bills and hospital authorizations, and to preclude plaintiffs unless the medical information was furnished. Order modified by deleting the provisions denying the branches of defendants' motion which sought to (1) compel plaintiff Judith Morgan to submit to a physical examination and (2) direct plaintiffs to furnish hospital authorizations, and precluding them upon their failure to do so, and by substituting provisions granting those branches of the motion. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Plaintiffs shall furnish the authorizations within 20 days after service upon them of a copy of the order to be made hereon, with notice of entry. The examination shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by defendants, or at such other time and place as the parties may agree. Under the circumstances of this case, defendants' motion should have been granted to the extent indicated. Mollen, P. J., Hopkins, Damiani and Titone, JJ., concur.

■ JANET NEWMAN, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services, dated December 19, 1979 and made after a statutory fair hearing, which affirmed a determination of the local agency to discontinue a grant of home relief for 30 days. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. Petitioner was notified that her public assistance in the home relief category would be discontinued. This was apparently based upon the agency's disbelief of her "claim[ed] lack of public transportation to get to a public work project" interview. At the statutory fair hearing, petitioner testified that she had informed the agency, by telephone, that she could not arrange private transportation for the date set for the interview. Petitioner had, however, arranged to borrow a friend's car for that day to keep an appointment at the State Employment Office. Petitioner also testified that she had told the caseworker that the alternate date he proposed on the telephone was equally unsatisfactory because public transportation (a bus) was an hour's walk (some 2½ miles) from her home and she could not borrow her friend's car a second time in the same week. Based upon petitioner's own testimony, there is substantial evidence to support the agency's determination that petitioner's claim of a lack of available transportation to attend the interview on either of two days was not credible. We have examined petitioner's further assertion, that she.was denied due process, and find it to be without merit. Titone, J. P., Mangano, Gulotta and Thompson, JJ., concur.